UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SUZANNE R. HARRELSON, | Civil Action No.: 4:09-cv-360-TLW-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES, and SAM MUMFORD, CINDY STAFFORD, BRANDI LITTLE, and DOTTIE BLANKENSHIP, in their individual capacities, | |
| Defendants. | |

I.  **INTRODUCTION**

This is an employment discrimination case. Plaintiff alleges race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. Plaintiff also asserts a state law cause of action for civil conspiracy. Presently before the Court is Defendants' Motion to Dismiss (Document # 9)[1] Plaintiff's third cause of action for civil conspiracy. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because the Motion is potentially dispositive of Plaintiff's civil conspiracy claim, this Report and Recommendation is entered for review by the district judge.

---

[1]Defendants filed the exact same Motion to Dismiss (Document # 7) a few days prior to the filing of the present Motion. Thus, the first Motion to Dismiss (Document # 7) is moot.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

At all times relevant to this action, Plaintiff was employed as the branch supervisor for the Florence office of Defendant South Carolina Department of Motor Vehicles (SCDMV). Complaint at ¶ 6. Plaintiff alleges that Defendant Mumford discriminated against her because of her race and retaliated against her for her complaints of race discrimination. Id. at ¶¶ 7-14. Plaintiff further alleges that the individual Defendants conspired against her to "report false statements and actions which they claimed to be discriminatory," which led to an internal investigation, Plaintiff' demotion, and, thereafter, her termination. Id. at ¶¶ 15-20.

Plaintiff was terminated from the SCDMV on November 15, 2007. Answer at ¶ 6. She appealed her termination to South Carolina's State Employee Grievance Committee, which upheld SCDMV's decision to terminate Plaintiff's employment. Id. The Committee found that Plaintiff did not establish that the SCDMV decision was arbitrary and capricious. See State Employee Grievance Committee Final Decision at p. 11 (attached as Exhibit C to Defendants' Answer). Plaintiff moved for reconsideration of the Committee's decision, but the Committee continued to uphold the termination of her employment. Answer at ¶ 6.

## III. STANDARD OF REVIEW

Defendants bring their Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts or the merits of the claim. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences

that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). When entertaining a motion to dismiss on the ground of collateal, a court may take judicial notice of facts from a prior judicial proceeding when the collateral estoppel defense raises no disputed issue of fact. Andrews v. Daw, 201 F.3d 521, 524 (4th Cir.2000).

## IV. DISCUSSION

### A. Collateral Estoppel

Defendants argue that collateral estoppel should apply to Plaintiff's third cause of action for civil conspiracy as a result of the ruling of the State Employee Grievance Committee. Collateral estoppel, or issue preclusion, "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation." Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir.1998). Defensive collateral estoppel bars a claim where a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost against another defendant. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.4 (1979). Collateral estoppel may be used defensively as a bar if the plaintiff had a full and fair opportunity to litigate the issues in the previous suit; mutuality of the parties is not required. Blonder-Tongue Labs., Inc. v. University of Illinois Found., 402 U.S. 313 (1971); Thurston v. United States, 810 F.2d 438 (4th Cir. 1987).

On September 26, 2008, the South Carolina State Employee Grievance Committee (the Grievance Committee) issued a decision in which it found that Plaintiff "did not establish that SCDMV decision was arbitrary and capricious" and upheld the decision to terminate Plaintiff. See State Employee Grievance Committee Final Decision at p. 11 (attached as Exhibit C to Defendants' Answer). The Grievance Committee also determined that "no credible evidence was presented to establish that SCDMV or employees of SCDMV conspired or used any pre-textual reasons to

terminate" Plaintiff. Id. Defendants argue that this ruling bars Plaintiff's civil conspiracy claim against the individual Defendants.

The issue before the Grievance Committee was very narrow: whether the SCDMV's decision to terminate Plaintiff's employment was arbitrary and capricious. See State Employee Grievance Committee Final Decision at p. 9. The Grievance Committee's final decision does not reveal that Plaintiff presented or the Grievance Committee considered the issue of whether Mumford, Stafford, Little, and Blankenship conspired against Plaintiff. That issue is separate from whether Plaintiff's termination was arbitrary and capricious. Any statement in the final decision regarding a conspiracy appears to be dicta. Thus, it cannot be said that Plaintiff had a full and fair opportunity to litigate the conspiracy issue. Accordingly, collateral estoppel is not applicable here.

B. Failure to Allege Special Damages

Defendants also argue that Plaintiff fails to state a claim for which relief can be granted because she fails to allege special damages in connection with her civil conspiracy claim. The tort of civil conspiracy contains three elements: (1) the combination of two or more people, (2) for the purpose of injuring the plaintiff, (3) which causes special damages. Pye v. Estate of Fox, 369 S.C. 555, 566-67, 633 S.E.2d 505, 511 (2006); Kuznik v. Bees Ferry Assocs., 342 S.C. 579, 610, 538 S.E.2d 15, 31 (Ct.App.2000) ("It is well-settled in South Carolina that the tort of civil conspiracy contains three elements: (1) a combination of two or more persons; (2) for the purpose of injuring the plaintiff; (3) causing plaintiff special damage."). "Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." Pye, 369 S.C. at 568, 633 S.E.2d at 511 (emphasis added). Plaintiff alleges that "[a]s a direct and proximate result of the individual defendants' civil conspiracy, the plaintiff has sustained the loss of her job, loss of income and retirement benefits, loss of earning

capacity, embarrassment, humiliation, emotional distress and mental suffering which will continue into the future. These defendants are further liable for punitive damages for their intentional and malicious acts toward the plaintiff." Complaint at ¶ 26. Plaintiff concedes in her response that she alleges these same damages in connection with her race discrimination and retaliation causes of action against the SCDMV. Plaintiff points to a ruling in Anthony v. S.C. Dep't of Corrections, et al, 3:05-cv-1636-MBS, Document # 118. The judge in Anthony found that the civil conspiracy claim relied on facts different from those underlying his other claim and Anthony presented sufficient evidence[2] that he suffered damages that were not necessarily related to his only other cause of action for racial discrimination. Id., p. 8. Likewise, in the present case, Plaintiff sets forth additional allegations under her civil conspiracy claim. Thus, it is certainly conceivable that Plaintiff suffered damages that were not necessarily related to her discrimination and retaliation claims. Therefore, the undersigned finds Plaintiff has sufficiently alleged special damages to allow the civil conspiracy claim to survive this Motion to Dismiss.

## V. CONCLUSION

For the reasons stated above, it is recommended that Defendant's Motion to Dismiss (Document # 9) Plaintiff's third cause of action be denied.

                                                        s/Thomas E. Rogers, III
                                                        Thomas E. Rogers, III
                                                        United States Magistrate Judge

August 3, 2009
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[2] The Anthony order cited by Plaintiff addresses a motion for judgment as a matter of law following trial.