IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Suzanne R. Harrelson, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: 4:09-cv-360-TLW-TER |
| South Carolina Department of Motor Vehicles, and Sam Mumford, Cindy Stafford, Brandi Little, and Dottie Blankenship, in their individual capacities, | ) |
| Defendants. | ) |

# ORDER

The plaintiff, Suzanne R. Harrelson, ("plaintiff"), filed this civil action on February 12, 2009. (Doc. #1). This case was referred to United States Magistrate Judge Thomas E. Rogers, III, for all pretrial matters pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. On February 26, 2009, the defendants filed a motion to dismiss the plaintiff's third cause of action for civil conspiracy under South Carolina law. (Doc. #9). The plaintiff filed a response in opposition on March 3, 2009. (Doc. #10). The defendants filed a response in support of the motion to dismiss on March 11, 2009, (Doc. #11), as well as a supplement to their initial argument on April 22, 2009. (Doc. #15).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the United States Magistrate Judge to whom this case had previously been assigned. (Doc. #21). In the Report, the Magistrate Judge recommends that the defendants' motion to dismiss the plaintiff's third cause of action be denied. (Doc. #21). The defendants filed objections to the report. (Doc. #25). In conducting this review, the Court applies the following

standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

As noted, the defendants filed detailed objections in this case highlighting numerous cases that had been cited in their initial and supplemental filings with this Court. The Court has fully reviewed the record in this case, including the documents submitted by the parties, the objections, and the cases cited by the defendants including Reed v. Town of Williston, 2009 WL 821013 (D.S.C. 2009), Anthony v. South Carolina Department of Corrections, 2007 WL 1032440 (D.S.C. 2007), Angus v. Burroughs & Chapin, Co., 596 S.E.2d 67 (Ct. App. 2004) ("Angus I"), Angus v. Burroughs & Chapin Co., 628 S.E.2d 261 (2006) ("Angus II"), and Hackworth v. Greywood at Hammett, LLC, Opinion No. 4608 (S.C. App. filed August 12, 2009). In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #21).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
    United States District Judge

September 1, 2009
Florence, South Carolina